UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY HILLERY,

       Plaintiff,

                                    Case No. 23-11452

   v.

                                    Hon. George Caram Steeh

GENISYS CREDIT UNION,

       Defendant.

_____/

OPINION AND ORDER GRANTING
<u>MOTION TO COMPEL ARBITRATION (ECF NO. 7)</u>

Plaintiff Stacey Hillary filed this action under 42 U.S.C. § 1981, alleging that defendant Genisys Credit Union interfered with her contractual rights based on her race. Defendant seeks to compel plaintiff to submit the dispute to arbitration. Because the question of arbitrability is for the arbitrator in this case, the court will grant defendant's motion.

I.    <u>Background Facts</u>

Plaintiff, an African American woman, is a member of Genisys Credit Union (Genisys). On November 8, 2021, plaintiff visited the Fenton branch of Genisys to deposit checks into her account and to obtain a portion of the deposited amount in cash. This was plaintiff's first time doing business at the Fenton branch. The teller told plaintiff that the deposit was subject to a

-1-

one-week hold, so she would not be able to obtain cash on that date. The teller then informed plaintiff that if she wanted to receive cash immediately, she could do so by taking the checks to the bank they were drawn on. Plaintiff eventually spoke to the branch manager who stated she was unable to make an exception because she did not know plaintiff. The teller and the branch manager are both Caucasian. Plaintiff left the Fenton branch without completing her transaction.

The following day, plaintiff went to Public Service Credit Union, an affiliate of Genisys located in Detroit, Michigan. Plaintiff completed the transaction that she was unable to complete at the Fenton branch. While plaintiff was at Public Service Credit Union, a Genisys regional branch manager called to explain that the reason her check could not be cashed the previous day was that there was a fraud alert on the checks. However, the Public Service Credit Union teller told plaintiff that their institution used the same check verification process as Genisys, and that there was no fraud alert on her checks.

As a member of Genisys, plaintiff's accounts and the relationship between the parties is governed by the Genisys Credit Union Account Agreement & Truth-in-Savings Disclosure (Agreement). The Agreement contains a Notice of Arbitration Provision, which provides that either plaintiff

-2-

or Genisys "may elect, without the other's consent, to require that any

dispute between us concerning [Plaintiff's] membership, [Plaintiff's] deposit

accounts ("Accounts") and the services related to [Plaintiff's] membership

and Accounts, including but not limited to all disputes that [Plaintiff] may

raise against [Genisys], must be resolved by binding arbitration, except for

those disputes specifically excluded below." ECF No. 7-1, PageID.78.

Plaintiff brought this lawsuit alleging that defendant prevented her

from enjoying all the benefits, privileges, terms and conditions of her

contractual relationship as a member of Genisys because of her race, in

violation of 42 U.S.C. § 1981. Defendant has elected arbitration over the

claims in plaintiff's lawsuit.

II.    Law and Analysis

Arbitration agreements are enforceable under the Federal Arbitration

Act (FAA). 9 U.S.C. § 2. "Section 2 of the FAA embodies the national policy

favoring arbitration and places arbitration agreements on equal footing with

all other contracts, so courts must 'rigorously enforce' arbitration

agreements according to their terms." *Ciccio v. SmileDirectClub, LLC*, 2

F.4th 577, 583 (6th Cir. 2021) (citations omitted). "'Whether the parties

have agreed to arbitrate or whether their agreement covers a particular

controversy' are gateway arbitrability questions." *Id.* Although such

questions are generally for the court to decide, the parties may delegate arbitrability questions to the arbitrator. *Id.*

To delegate the question of arbitrability to the arbitrator, "there must be 'clear and unmistakable' evidence that the parties agreed to have an arbitrator decide such issues." *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 844 (6th Cir. 2020), *cert. denied sub nom. Piersing v. Domino's Pizza Franchising LLC*, 141 S. Ct. 1268 (2021). "And when parties have agreed to arbitrate 'arbitrability,' a court may not disregard their agreement – even if a particular argument for arbitration seems to be 'wholly groundless.'" *Id.* (citation omitted). "Thus, 'if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator' and that delegation provision stands, 'a court may not decide the arbitrability issue.'" *In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 880 (6th Cir. 2021) (citation omitted).

Here, Plaintiff does not dispute that an arbitration agreement exists between it and Genisys. The arbitration provision provides that any disputes concerning the services related to plaintiff's accounts must be resolved by binding arbitration upon the election of either party. Plaintiff has specifically alleged a dispute arising out of a service: the service of depositing a check and receiving access to funds. As such, her claim is

-4-

subject to binding arbitration upon Genisys's election and Genisys has so elected. Moreover, the Agreement provides that any dispute regarding the enforceability or interpretation of the arbitration provision must be decided by the arbitrator, not the Court.

Plaintiff's argument against compelling arbitration is that Congress intended to exempt claims brought under 42 U.S.C. § 1981 from the FAA. However, there is no authority to support plaintiff's position, and even the Supreme Court has determined that a claim under § 1981 was arbitrable. See *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 65 (2010) (sending a § 1981 claim to arbitration); see also *ShaZor Logistics, LLC v. Amazon.com, LLC*, 628 F. Supp. 3d 708, 713 (E.D. Mich. 2022) ("Congress did not intend § 1981 claims to be nonarbitrable.").

Where a court determines that the cause of action is covered by an arbitration clause, § 3 of the FAA provides that "it must stay the proceedings until the arbitration process is complete." *Fazio v. Lehman Bros., Inc.,* 340 F.3d 386, 393 (6th Cir. 2003) (citing 9 U.S.C. § 3). When all of plaintiff's claims are to be submitted to arbitration, however, the court may dismiss rather than stay the action because "staying the action will serve no purpose." *Green v. G. Reynolds Sims & Assoc., P.C.,* 2013 WL 1212775 (E.D. Mich. Mar. 25, 2013) (citing *Alford v. Dean Witter Reynolds,*

*Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992)). Although the entirety of plaintiff's complaint will be resolved in arbitration, entry of a stay pending arbitration is the preferred approach. *See Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941-42 (6th Cir. 2021) ("Because a dismissal, unlike a stay, permits an objecting party to file an immediate appeal, a district court dismissal order undercuts the pro-arbitration appellate-review provisions of the Act.")

Accordingly, IT IS HEREBY ORDERED that defendant's motion to compel arbitration (ECF No. 7) is GRANTED and that this case is STAYED pending arbitration.

Dated:  October 11, 2023

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 11, 2023, by electronic and/or ordinary mail.

s/Michael Lang
Deputy Clerk